FILED
11th JUDICIAL DISTRICT COURT
McKinley County
1/4/2022 10:39 AM
WELDON J. NEFF
CLERK OF THE COURT
Valarie Baretinicich

ELEVENTH JUDICIAL DISTRICT
COUNTY OF MCKINLEY
STATE OF NEW MEXICO

ALLINE ANDERSON and
MARVIN LEWIS,

     *Plaintiffs*,

vs.

                                        Cause No.: D-1113-CV-2022-00003

LIONHEART XPRESS INC and                                        Aragon, Robert A.
VIVEK SHEOKAND,

     *Defendants*.

## PLAINTIFFS' ORIGINAL COMPLAINT FOR PERSONAL INJURY DAMAGES

COME NOW Plaintiffs ALLINE ANDERSON (hereinafter referred to as Plaintiff "ANDERSON") and MARVIN LEWIS (hereinafter referred to as Plaintiff "LEWIS") complaining of LIONHEART XPRESS INC (hereinafter referred to as Defendant "LIONHEART XPRESS") and VIVEK SHEOKAND (hereinafter referred to as Defendant "SHEOKAND") and for a cause of action would show this Honorable Court as follows:

### I.       PARTIES AND JURISDICTION

1.      Plaintiffs ALLINE ANDERSON and MARVIN LEWIS are residents of Oklahoma.

2.      Defendant LIONHEART XPRESS INC is a foreign corporation doing business in McKinley County, New Mexico and may be served with process by serving its registered agent Truck Process Agents of America, Inc. c/o Jerry Hayes at 4809 Jefferson St. NE Albuquerque, NM 87109, and/or wherever it may be found.

3.      Defendant VIVEK SHEOKAND is a non-resident of New Mexico who has subjected himself to the jurisdiction of the courts of this state pursuant to NMSA § 38-1-16 and may be served with personal service at 2264 N Marks Ave., Apt 156, Fresno, CA 93722 and/or wherever he may be found.

EXHIBIT A

4.      The acts and omissions complained about occurred in McKinley County, New Mexico and therefore, venue is proper in this Court. Further, this Court has subject matter jurisdiction because New Mexico state district courts are courts of general jurisdiction. This Court has personal jurisdiction, both specific and general, over Defendants because their unlawful and tortious acts giving rise to this suit occurred in New Mexico and because they continuously and systematically do business in New Mexico by operating commercial motor vehicles through the highways of New Mexico.

## II.      GENERAL ALLEGATIONS

5.      The injuries and damages suffered by Plaintiffs that made the basis of this action arose out of an occurrence on or about June 26th, 2019 at approximately 11:19 A.M. in McKinley County, New Mexico on Interstate 40 westbound near milepost 39.

6.      At such time and place, Defendant SHEOKAND was operating a 2018 Kenworth commercial motor vehicle for and/or under the control of Defendant LIONHEART XPRESS. Accordingly, Defendant SHEOKAND was in the course and scope of his employment with and/or under the control of Defendant LIONHEART XPRESS at the time of this incident.

7.      At such time and place, Plaintiffs were traveling through a construction zone in a 2016 Dodge Grand Caravan. Defendant SHEOKAND was traveling behind Plaintiffs, when Defendant SHEOKAND was following too closely and failed to control his speed, crashing into the rear of Plaintiffs' vehicle.

8.      The collision caused severe and permanent injuries to Plaintiff ANDERSON'S back, legs, left arm, and other parts of her body. This collision caused severe and permanent injuries to Plaintiff LEWIS' back, neck, hips, and other parts of his body. Plaintiffs suffered damages as a result of the above occurrence, which proximately caused their injuries.

## III.   NEGLIGENCE OF DEFENDANT SHEOKAND

9.      Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.

10.     Under New Mexico law, "[e]very person has a duty to exercise ordinary care for the safety of the person and the property of others." *See Tafoya v. Rael Excavation Co*., 145 N.M. 4, 193 P.3d 551, 554-55 (2008); *see also Calkins v. The Cox Estates*, 110 N.M. 59, 792 P.2d 36, 40 (1990) ("New Mexico law recognizes that there exists a duty assigned to all individuals requiring them to act reasonably under the circumstances according to the standard of conduct imposed upon them by the circumstances.")

11.     Under New Mexico law, "[t]he question of the existence and scope of a defendant's duty of care is a legal question that depends on the nature of the [activity] in question, the parties' general relationship to the activity, and public policy considerations" and "[p]olicy is the principal factor in determining whether a duty is owed and the scope of that duty."  *See, e.g., Edward C. v. City of Albuquerque*, 148 N.M. 646, 241 P.3d 1086, 1090-91 (2010), *citing to Torres v. State*, 119 N.M. 609, 612, 894 P.2d 386, 389 (1995).

12.     Under the circumstances of this case, Defendant SHEOKAND owed a duty to exercise ordinary care for the safety of others on the roadway, including Plaintiffs. Defendant breached his duty of care to Plaintiffs in one or more of the following ways:

    a.  Operating a commercial motor vehicle in the United States without qualifying under the Federal Motor Carrier Safety Act.
    b.  Failure to use due care in operating a commercial motor vehicle.
    c.  Failing to apply the brakes or stop.
    d.  Failure to operate a commercial motor vehicle with sufficient caution.
    e.  Failure to follow regulations as promulgated by the Federal Motor Carrier Safety Administration.
    f.  Operating a commercial vehicle in the United States without reasonable qualifications, training, testing, and experience.
    g.  Failure to follow procedures for safe vehicle operation.
    h.  Failure to perform a proper visual search.
    i.  Failure to understand the importance of speed management and effects of speed, including visibility and stopping distances.

    j.   Failure to understand space management and controlling the space around the commercial vehicle.

    k.   Failure to understand hazard perceptions, including road characteristics and road user activities.

    l.   Failure to take proper emergency maneuvers, such as evasive action.

    m.   Violation of Federal Motor Carrier Safety Regulations ("FMCSR") § 383.51.

    n.   Violation of FMCSR § 383.110.

    o.   Violation of FMCSR § 383.111.

    p.   Violation of FMCSR § 391.11.

    q.   Violation of FMCSR § 391.15.

    r.   Violation of FMCSR § 391.41.

    s.   Violation of FMCSR § 392.2.

    t.   Violation of FMCSR § 392.3.

    u.   Violation of FMCSR § 395.3.

    v.   Violation of FMCSR § 395.8.

    w.   Violation of FMCSR § 396.7.

    x.   Violation of N.M. Admin Code Title 18, Chapter 2, Part 3.

    y.   Violation of N.M. Admin Code Title 18, Chapter 3, Part 4.

    z.   Violation of N.M. Statutes Annotated § 65-3-7.

    aa.   Violation of N.M. Statutes Annotated § 66-7-3.

    bb.   Violation of N.M. Statutes Annotated § 66-7-104.

    cc.   Violation of N.M. Statutes Annotated § 66-7-301.

    dd.   Violation of N.M. Statutes Annotated § 66-7-303.1.

    ee.   Violation of N.M. Statutes Annotated § 66-7-318.

    ff.   Failure to exercise ordinary care on a highway.  *See* UJI 13-1201.

    gg.   Failure to keep a proper lookout and maintain control of Defendant's vehicle.  *See* UJI 13-1202.

    hh.   Other acts of negligence that may be ascertained in discovery of this case.

13.    One or more of the foregoing acts or omissions of Defendant SHEOKAND constituted negligence under New Mexico law, which was a proximate cause of the injuries to which have made the basis of this cause of action. Alternatively, one or more of the foregoing act or omissions was a proximate cause of the aggravated, enhanced, or additional injuries and damages that would not have been sustained but for one or more of the foregoing acts or omissions.

## IV.    DIRECT NEGLIGENCE OF DEFENDANT LIONHEART XPRESS INC

14.    Plaintiffs reallege the foregoing paragraph as if fully set forth herein.

15.    Pleading alternatively, and without waiving the foregoing, under the circumstances of this case, Defendant LIONHEART XPRESS owed a duty to exercise ordinary care for the safety

of others on the roadway as a "motor carrier" as defined by the FMCSA. Defendant LIONHEART

XPRESS breached its duty of care to Plaintiffs and is directly negligent in one or more of the

following ways:

    a. Operating a commercial motor vehicle in the United States without properly qualifying a driver under the Federal Motor Carrier Safety Act.

    b. Failure to properly educate, instruct, and supervise Defendant SHEOKAND in the performance of his duties.

    c. Failure to supply adequate and reasonably competent drivers and workers.

    d. Failure to provide adequate training to its drivers in the operation of a commercial motor vehicle.

    e. Failure to train its drivers to operate commercial motor vehicles in accordance with the laws, ordinances, and regulations of the State of New Mexico.

    f. Negligence in hiring, supervising, and/or retaining Defendant SHEOKAND. *See* UJI 13-1647.

    g. Negligent entrustment of a commercial motor vehicle to Defendant SHEOKAND. *See* UJI 13-1646.

    h. Failure to exercise reasonable care in the selection and monitoring of its drivers.

    i. Failure to provide training that meets industry standards.

    j. Failure to provide proper safety manuals and instructions to drivers.

    k. Failure to enforce safety policies, if any, that were provided to its drivers.

    l. Violation of FMCSR § 383.51.

    m. Violation of FMCSR § 390.3.

    n. Violation of FMCSR § 390.11.

    o. Violation of FMCSR § 391.15.

    p. Violation of FMCSR § 391.41.

    q. Violation of FMCSR § 392.2.

    r. Violation of FMCSR § 392.3.

    s. Violation of FMCSR § 392.6.

    t. Violation of FMCSR § 390.3.

    u. Violation of FMCSR § 395.3.

    v. Violation of FMCSR § 395.8.

    w. Violation of FMCSR § 396.7.

    x. Violation of N.M. Statutes Annotated § 65-2A-19.

    y. Violation of N.M. Statutes Annotated § 65-3-7.

    z. Other acts of negligence that may be ascertained in discovery of this case.

16. One or more of the foregoing acts or omissions of Defendant LIONHEART

XPRESS constituted negligence under New Mexico law, which was a proximate cause of the

injuries to Plaintiffs. Alternatively, one or more of the foregoing acts or omissions was a proximate

cause of the aggravated, enhanced or additional injuries and damages to Plaintiffs that would not have been sustained but for the one or more of the foregoing acts or omissions.

## V.   RESPONDEAT SUPERIOR LIABILITY OF DEFENDANT LIONHEART XPRESS

17.    Pleading alternatively, and without waiving the foregoing, Defendant SHEOKAND was the employee or agent or Defendant LIONHEART XPRESS at the time of the occurrence. Therefore, Defendant LIONHEART XPRESS is liable for any wrongful act or omission of Defendant SHEOKAND. *See* UJI 13-405. Alternatively, and without waiving the foregoing, Defendant LIONHEART XPRESS was the "statutory employer" under the FMCSR and thus liable for the acts and omissions of Defendant SHEOKAND.

## VI.   DAMAGES

18.    As a result of the occurrence, Plaintiffs suffered bodily injuries.

19.    As a further result of the occurrence, Plaintiffs have incurred medical expenses for medical care, attention and other related expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiffs, and the charges made and to be made were the usual and customary charges for such services. Plaintiffs will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

20.    Plaintiffs were prevented from performing their household duties and will continue to be unable to perform their household duties in the future.

21.    Plaintiffs have suffered pain and suffering in the past. Plaintiffs will continue to suffer pain and suffering in the future.

22.    Plaintiffs have suffered emotional distress in the past. Plaintiffs will continue to suffer emotional distress in the future.

23.    As a result of the occurrence, Plaintiffs have suffered impairment in the past and will continue to suffer impairment in the future.

24.     Plaintiffs have suffered disfigurement in the past and will continue to do so.

25.     Plaintiffs have suffered damage to the value and enjoyment of their lives and will continue to do so.

26.     As Defendants' acts or omissions proximately caused the above stated damages, Plaintiffs are entitled to recovery of such damages from Defendants.

## VII.   PUNITIVE DAMAGES

27.     Under New Mexico law, Plaintiff is entitled to punitive damages because of Defendants' reckless, wanton, willful, and/or gross negligently conduct. As noted earlier, the risk of injury defines Defendants' duties under New Mexico law.  *See* UJI 13-1603 ("As the risk of danger that should be reasonably foreseen increases, the amount of care required also increases."); *Cross v. City of Clovis*, 107 N.M. 251, 254, 755 P.2d 589, 592 (1988). The greater the risk, the greater the duty to avoid that risk through reasonable measures, and whether the risk of injury is great, the degree of conduct sufficient to demonstrate a culpable mental state to warrant the imposition of punitive damages is less:

> [A]s the risk of danger increases, conduct that amounts to a breach of duty is more likely to demonstrate a culpable mental state.  The circumstances define the conduct; a cavalier attitude toward the lawful management of a dangerous product may raise the wrongdoer's level of conduct to recklessness, whereas a cavalier attitude toward the lawful management of a nondangerous product may be mere negligence.

*Clay v. Ferrellgas, Inc.,* 118 N.M. 266, 269, 881 P.2d 11, 14 (1994); UJI 13-1827 Committee Comment ("[T]he risk of danger by the…tortfeasor's conduct is valid consideration in determining whether the conduct rises to the level of recklessness necessary to show a culpable mental state.").  Thus, as the risk of danger increases, the conduct that amounts to breach of duty is more likely to demonstrate sufficient culpable mental state to support the imposition of punitive damages. *McNeill v. Rice Engineering and Operating, Inc*., 2003-NMCA-078, 133 N.M. 804, 70 P.3d 794.  A negligent defendant's utter indifference to the safety of others is a sufficient basis for

imposing punitive damage under New Mexico law.  *DeMatteo v. Simon*, 112 N.M. 112, 812 P.2d 361 (N.M. App. 1991).

28.     The risk of danger involved in this incident is extremely great, as commercial motor vehicle collisions are commonly known to result in death or serious injury.  Despite this, Defendants utterly disregarded the FMCSR, the laws of New Mexico, and the safe operation of a commercial motor vehicle.

29.     The acts or omissions of Defendants, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, and their demonstrated indifference to the public on the roadways is sufficient to impose an award of punitive damages under New Mexico law.

30.     Plaintiffs are entitled to punitive damages in a sufficient amount to punish Defendants for their reckless, wanton, willful, and/or grossly negligent conduct, in order to set an example for others that such conduct will not be tolerated.

## VIII.   JURY DEMAND

31.     Plaintiffs respectfully requests trial by jury of the issues in this case.

32.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendants for all relief requested, attorney's fees, for costs, pre-judgment and post judgment interest, punitive damages, and for such other and further relief, general and special, at law or in equity, to which Plaintiffs are entitled.

*~Signature page follows~*

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

*/s/ James D. Tawney*
**JAMES D. TAWNEY**
NM. Bar No.: 142518
**DAISY CHAPARRO**
NM State Bar No.: 148958
1485 N. Main, Ste. B
Las Cruces, NM 88001
Phone: (575) 222-1000
Facsimile:(575) 652-4752
JTawney@FTAlawfirm.com
DChaparro@FTAlawfirm.com
*Attorneys for Plaintiffs*